

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |

| | |
|---|---|
| Title | Akira Akazawa, et al. v. Link New Technology International |

DOCKETED ON CM

OCT - 2 2006

BY _____ 178

| | | |
|---|---|---|
| Present: The Honorable | James V. Selna | |
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   Order Granting Plaintiffs' Motion for Admissibility of Certain Evidence re: Ownership of the "716 Patent Pursuant to Fed R Evid 1004

Plaintiff Akira Akazawa ("Akazawa") moves to admit certain evidence regarding documents that support his claim to title to the patent in issue here, U.S. Patent No. 5,615,716 ("'716 Patent").   Defendant Link New Tech, Inc. ("Link") opposes.  The Motion is granted.

I.   Background

As described in the Court's July 20, 2006 Order re Link's motion *in limine* ("July 20th Order"), Akazawa's claim to title to the '716 Patent depends on four facts:

1.  Yasumasa Akazawa ("Yasumasa") was the original inventor and owner of the '716 Patent.

2.  Upon dying intestate, Yasumasa's ownership of the '716 Patent passed to his wife Hitomi and his two daughters Fumi and Yuki (collectively "Akazawa ladies") under Japanese laws on intestacy.

3.  Fumi and Yuki executed an April 28, 2001 Inheritance Agreement ("Inheritance Agreement") which transferred their interest in the '716 Patent to Hitomi.

4.  Hitomi executed a May 29, 2001 Assignment transferring rights in the '716 Patent to Akazawa.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |
| Title | Akira Akazawa, et al. v. Link New Technology International | | |

In its July 20th Order, the Court held that Rule 1003 of the Federal Rules of Evidence[1] required exclusion of duplicates of the Inheritance Agreement and the May 29, 2001 assignment because genuine questions had been raised as to the authenticity of the originals. See July 20th Order at 6. The exclusion of the duplicates was "without prejudice to a showing that the excluded documents are admissible under Rule 1004." Id.

Akazawa now seeks to admit the duplicate Inheritance Agreement and other secondary evidence regarding its contents pursuant to Rule 1004(1), arguing that the original has been inadvertently lost.[2] Specifically, Akazawa seeks to admit (1) correspondence between Yoshiaki Nagata ("Nagata") and Moonray Kojima ("Kojima")[3] that purports to establish the existence of the Inheritance Agreement and its subsequent loss; (2) the duplicate of the Inheritance Agreement; and (3) deposition testimony of the Akazawa ladies as to the content of the Inheritance Agreement.

Link opposes the motion and argues that Akazawa failed to conduct a diligent search, that if the original is lost, it was lost in bad faith, and that evidence previously excluded under Rule 1003 cannot subsequently be admitted under Rule 1004.[4]

## II.   Legal Standards

Rule 1002 of the Federal Rules of Evidence requires the production of the "original" writing in order to prove the contents thereof, "except as otherwise provided."

---

[1] Unless otherwise specified, all references to "Rules" refer to the Federal Rules of Evidence.

[2] Akazawa appears to make no argument regarding the admissibility of secondary evidence regarding the May 29, 2001 assignment.

[3] Nagata was Yasumasa's patent attorney in Japan. Kojima is a patent attorney in the United States retained by Nagata to prosecute patent matters before the U.S. Patent and Trademark Office ("USPTO").

[4] Akazawa refers only to Rule 1004(1) in his moving papers. Accordingly, there is no need to address Link's arguments regarding Rules 1004(2) - (4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |
|---|---|---|---|

| Title | Akira Akazawa, et al. v. Link New Technology International |
|---|---|

Fed. R. Evid. 1002.

Rule 1004, in turn, provides that "[t]he original is not required, and other evidence of the contents of a writing" is admissible if the original has been lost through no bad faith of the proponent. Fed. R. Evid. 1004(1). Whether the original has been lost and whether such loss was the result of bad faith are preliminary questions of fact for the court to determine. Fed. R. Evid. 1008. "In making its determination, [the Court] is not bound by the rules of evidence except those with respect to privileges." Fed. R. Evid. 104(a). The burden of proving loss and lack of bad faith under Rule 1004 is on the proponent of the evidence. Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1321 (9th Cir. 1987).

III.   Discussion

Akazawa seeks to admit secondary evidence to prove the contents of the Inheritance Agreement on grounds that the original was inadvertently lost. For such evidence to be admissible, Akazawa must make a threshold showing that (1) the original is lost; and (2) it was not lost in bad faith. Id.

Loss of an original writing is generally proven by circumstantial evidence, "usually taking the form that an appropriate search for the document has been made without discovering it." United States v. McGaughey, 977 F.2d 1067, 1071 (7th Cir. 1992); see also 6 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 1004.11 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2006).

What constitutes an "appropriate search" will vary with the facts of each case. See, e.g., Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995) (insufficient search because plaintiff did not subpoena record companies in looking for original demo tapes); Sylvania Elec. Prods, Inc. v. Flanagan, 352 F.2d 1005, 1008 (1st Cir. 1965) (noting in dicta that there was "no evidence at all as to the extent of any . . . search"); Seiler v. Lucasfilm, Ltd., 613 F. Supp. 1253, 1261 (N.D. Cal. Oct. 16, 1984), aff'd by 808 F.2d 1316 (9th Cir. 1987) (when "any suspicion hangs over the true content of the instrument, a more rigid inquiry should be made into the reasons for its non-production"); see generally WEINSTEIN & BERGER § 1004.12 ("Obviously, more proof would be required to explain the absence of an original will than the absence of a label from a can of beans. . . . The extent of the search should be proportionate to [the document's] importance.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |
|---|---|---|---|

| Title | Akira Akazawa, et al. v. Link New Technology International | | |

Akazawa has advanced the following facts to demonstrate that the original Inheritance Agreement is lost.[5] Nagata prepared documents relating to the distribution of Yasumasa's estate, including the Inheritance Agreement. (Nagata Decl. ¶ 2.) On April 28, 2001, the Akazawa ladies executed the Inheritance Agreement transferring Yuki and Fumi Akazawa's interest in the '716 Patent to Hitomi Akazawa. (Dang Decl., Exh. 6.) On May 29, 2001, Nagata sent original documents regarding ownership of the '716 Patent to Kojima for filing with the USPTO. (Nagata Decl. ¶ 4.) These documents included (1) the Inheritance Agreement; (2) a copy of the Akazawa family registry; (3) a power of attorney appointing Kojima to prosecute the '716 Patent; and (4) an assignment transferring ownership of the '716 Patent from Hitomi Akazawa to Akira Akazawa. Id.

On June 4, 2001, Kojima informed Nagata by fax that he had filed the power of attorney and assignment documents with the USPTO, but that "[s]ince it would cost added fees to file the (1) family register and (2) Inheritance agreement, we decided that the legal effect would still be the same, by not filing. Thus, we will keep same in our records, and if the PTO demands same, we will file at that time." (Nagata Decl., Exh. 1; Nagata Decl. ¶ 5.)

On July 8, 2005, Nagata requested that Kojima send all of the May 29, 2001 original assignment papers and inheritance distribution papers to Akazawa's counsel in the instant action. (Nagata Decl., Exh. 2.) Kojima replied by fax that he no longer had those files and that they had been filed in 2001. Id.

On July 11, 2005, Nagata's office informed Kojima that, based on his June 4, 2001 fax, they believed that Kojima still had the Inheritance Agreement and again requested that he send it to Akazawa's counsel. (Nagata Decl., Exh. 3.) On July 12, 2005, Kojima replied by fax, indicating "[w]e searched our files, but did not locate the requested documents" and noting that "the requested papers involved an assignment recording

---

[5]The Court notes Link's objections to certain evidence submitted by Akazawa in support of his motion. To the extent that such evidence goes to demonstrating the preliminary facts required for application of Rule 1004(1), Link's objections are overruled. The Court is not bound by the rules of evidence, other than those regarding privilege, when making such a determination. See Fed. R. Evid. 104(a); Fed. R. Evid. 1008; Seiler, 613 F. Supp. at 1262.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |
|---|---|---|---|

| Title | Akira Akazawa, et al. v. Link New Technology International |
|---|---|

which was more than four (4) years ago." Id.

On July 21, 2005, Akazawa's counsel subpoenaed Kojima, demanding production of all documents relating or referring to the '716 Patent, including but not limited to the Inheritance Agreement. (Min Decl. ¶ 2; Min Decl., Exh. 1.) On July 22, 2005, Akazawa and Nagata sent a letter to Kojima instructing him to "turn over ALL papers relating to the '716 Patent" to Akazawa's counsel in the instant action. (Nagata Decl., Exh. 6.) On August 1, 2005, Kojima indicated by letter that "[i]n response to the [subpoena], we thoroughly searched again our files but cannot locate" any document related to the '716 Patent other than a "maintenance list" for payment of maintenance fees. (Min Decl., Exh. 2).

Akazawa has asked Nagata and Kojima to search their files for all documents relating to the transfer of ownership of the '716 Patent. (Akazawa Decl. ¶ 2.) Akazawa represents that he has "thoroughly and diligently searched [his] personal files but [has] not been able to locate the original Inheritance Agreement executed in connection with the '716 patent." (Akazawa Decl. ¶ 3.)

Nagata declares that he has provided all original files relating to the transfer of the '716 Patent to Akazawa's counsel. (Nagata Decl. ¶ 12.) Nagata represents that he has "thoroughly and diligently searched [his] files but [has] not been able to locate the original Inheritance Agreement executed in connection with [the '716 Patent]." (Nagata Decl. ¶ 13).

On August 18 and August 22, 2006, Akazawa's counsel sent letters to Kojima requesting that he sign an attached declaration regarding his efforts to locate the Inheritance Agreement. (Dang Supp. Decl., ¶ 2; Dang Supp. Decl., Exh. 1.) On August 29, 2006, Nagata sent a fax to Kojima urging him to sign the provided declaration and referring to a possible action for damages if Akazawa were to lose this action because Kojima failed to do so. (Dang Supp. Decl. Exh. 2.) Kojima replied by fax on August 29, 2006, indicating that "[t]he declaration sent by [Akazawa's counsel] was not completely factually accurate, and hence, was revised." (Dang Supp. Decl., Exh. 2.) Akazawa's counsel received a declaration dated August 21, 2006 from Kojima on August 31, 2006. (Dang Supp. Decl. ¶ 4.)

Kojima declares that he received certain documents in May 2001, purported by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |
| --- | --- | --- | --- |

| Title | Akira Akazawa, et al. v. Link New Technology International |
| --- | --- |

Nagata to be regarding ownership of the '716 Patent. (Kojima Decl. ¶ 3.) These documents were purported, then by Nagata and now by Akazawa's counsel, to have been the Inheritance Agreement, the Akazawa family register, the power of attorney, and the assignment transferring ownership of the '716 Patent. Id. However, Kojima noted "I cannot swear to receiving all such documents nor all of the pages or contents thereof, except that I believe I received the entire contents of the Power of Attorney and Assignment." Id. Kojima represents that he has "thoroughly searched our files but [has] been unable to locate the document purported by Mr. Nagata to be the inheritance agreement allegedly executed in connection with [the '716 Patent]." (Kojima Decl. ¶ 9.)

While it may be a close issue, the Court finds that Akazawa has made a sufficient showing to meet his burden of showing that the original Inheritance Agreement is lost. Akazawa's circumstantial evidence suggests the following chain of events: (1) the Akazawa ladies executed the Inheritance Agreement in 2001; (2) Nagata sent the original writing to Kojima in 2001; and (3) Kojima retained the original writing on file. Thus, Akazawa's evidence suggests that the original Inheritance Agreement should be located in Kojima's files.[6]

Akazawa requested at least three times in 2005 that Kojima search his files for the original Inheritance Agreement. All three times, Kojima indicated that he had searched his files but could not locate the document in question. Moreover, Akazawa's counsel subpoenaed Kojima in 2005. Kojima's response was that he had again searched his files and that he could not locate the Inheritance Agreement. The only document that Kojima indicated was responsive to the subpoena was the "maintenance list."

The Court finds that it is logical to believe that if Kojima had additional documents, including the Inheritance Agreement, they would have been located with the maintenance list. Moreover, while Kojima's statements may be somewhat conclusory, the Court finds that Kojima had an incentive to conduct a thorough search. The loss of a client's key document, which the record indicates he received, could subject his to potential malpractice or other liability to Akazawa.

---

[6]The Court notes that no evidence tends to suggest that Akazawa himself ever possessed the original Inheritance Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-1474 JVS(MLGx) | Date | October 2, 2006 |
|---|---|---|---|

| Title | Akira Akazawa, et al. v. Link New Technology International |
|---|---|

It appears that Akazawa has done all he can to cause a search for the document. While the Court would not be satisfied with the showing if the same statements were made by Akazawa concerning his efforts to find a document once in his possession that had been lost, the Court does not believe the same standard is required for assessing the efforts of a third party who is at least wary of Akazawa, if not hostile.

Finally, Link argues that since the Court has excluded the copy of the Inheritance Agreement under Rule 1003 (see July 20th Order), it cannot now be received under Rule 1004. Link fails to take notice of the fundamental evidentiary differences under the two rules. If a copy is received under Rule 1003, it is "admissible to the same extent as an original." Fed. R. Evid. 1003 (emphasis supplied). By contrast, if the appropriate showing of a lost document is made under Rule 1004, the absence of the original is not a bar. Fed. R. Evid. 1004(1). However, it is not received as an original, and the trier of fact is entitled to consider what weight the document should receive. Fed. R. Evid. 1008.[7]

IV.   Conclusion

For the foregoing reasons, the Motion is granted.

Initials of Preparer

---

[7]Rule 1008 provides in part:

However, when an issue is raised (a) whether the asserted writing ever existed, or (b) whether another writing, recording, or photograph produced at the trial is the original, or (c) whether other evidence of contents correctly reflects the contents, the issue is for the trier of fact to determine as in the case of other issues of fact.

Fed. R. Evid. 1008 (emphasis supplied).